IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SANITEC INDUSTRIES, INC.,           :
                                    :
            Plaintiff,              :
                                    :
      v.                            :  Civil Action No. 04-1386 JJF
                                    :
SANITEC WORLDWIDE, LTD.,            :
JEFFREY J. WEINSTEN, and            :
JAMES H. SMITH,                     :
                                    :
            Defendants.             :

_____

Richard D. Kirk, Esquire of THE BAYARD FIRM, Wilmington,
Delaware.
Of Counsel: Richard J. Oparil, Esquire of PATTON BOGGS LLP,
Washington, District of Columbia and Jennifer L. King, Esquire of
PATTON BOGGS LLP, McLean, Virginia.
Attorneys for Plaintiff.

David L. Finger, Esquire of FINGER & SLANINA, LLC, Wilmington,
Delaware.
Attorney for Defendants.

_____

**MEMORANDUM OPINION**

July _7_, 2005
Wilmington, Delaware

FARNAN, District Judge

Presently before the Court is Defendants' Motion To Dismiss Defendants Jeffrey J. Weinsten and James H. Smith for Lack of Personal Jurisdiction (D.I. 10-2). For the reasons set forth below, the Court will grant Defendants' motion.

**BACKGROUND**

This action is for infringement of U.S. Patent No. 5,270,000 (the "000" patent), and infringement of related trademarks under the Lanham Act and common law. Further, Plaintiff Sanitec Industries, Inc. ("Sanitec Industries") alleges claims of conversion, tortious interference with prospective business relations, and a violation of Delaware's Deceptive Trade Practices Act.

Sanitec Industries filed this lawsuit on October 25, 2004. (D.I. 1). It filed a First Amended Complaint on November 29, 2004. (D.I. 7.) On December 15, 2004, Defendants, Sanitec Worldwide, Ltd. ("Santiec Worldwide"), Jeffrey J. Weinsten, and James H. Smith, filed the instant motion.

Sanitec Industries is incorporated pursuant to the laws of the State of California. Defendant Sanitec Worldwide is incorporated pursuant to the laws of the State of Delaware. Defendant Jeffrey J. Weinsten is a citizen of the State of New York. Defendant James H. Smith is a citizen of the State of

1

California.

## PARTIES' CONTENTIONS

Defendants Weinsten and Smith ("the Individual Defendants") contend that the Complaint as it relates to them should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) because the Court lacks personal jurisdiction over them. Specifically, Defendants contend that Sanitec Industries has failed to allege facts which would satisfy the jurisdictional criteria under the Delaware long arm statute and constitutional due process. Defendants invoke the fiduciary shield doctrine in support of their contention that the Court may not exercise its jurisdiction over individual officers of a corporation merely on the basis of contacts sufficient to justify the exercise of personal jurisdiction over the corporation. Further, Defendants contend that the Individual Defendants' unrelated contacts with Delaware, that of filing Uniform Commercial Code ("UCC") financing statements with the Delaware Secretary of State and participating in litigation in Delaware state court, do not meet the minimum requirements of Section 3104(c) or due process. Further, Defendants contend that the Individual Defendants' role as a director or officer of other Delaware corporations does not give rise to jurisdiction over them.

In response, Sanitec Industries contends that Mr. Weinsten

2

and Mr. Smith have held themselves out as Vice President and President of Sanitec Worldwide, respectively, and that Sanitec Worldwide maintains a website accessible in the state of Delaware.  Sanitec Industries further contends that Mr. Weinsten is the sole shareholder, director, and office of Salem Assiciates, Inc., a Delaware corporation that owns a minority interest in Sanitec Woldwide.  Further, Sanitec Industries contends that Mr. Weinsten has filed UCC financing statements with the Delaware Secretary of State to perfect an alleged security interest on assets of Sanitec, Ltd. and Sanitec USA National, Ltd.  Finally, Sanitec Industries contends that Mr. Weinsten is a defendant and counterclaim plaintiff in a lawsuit in Delaware Court of Chancery for New Castle County.

## LEGAL STANDARD

Rule 4(e) of the Federal Rules of Civil Procedure provides that a federal court may exercise personal jurisdiction over a nonresident "to the extent permissible under the law of the state where the district court sits." Mesalic v. Fiberfloat Corp., 897 F.2d 696, 698 (3d Cir. 1990); Mobil Oil Corp. v. Advanced Envtl. Recycling Technologies, Inc., 833 F.Supp. 437, 440 (D. Del. 1993).  In this regard, the Court must first determine whether in personam jurisdiction exists with regard to Mr. Weinsten and Mr. Smith under Delaware's long arm statute.  The Court must then

3

ascertain whether the exercise of such jurisdiction would comport

with the Due Process Clause of the United States Constitution

under the standards announced in Int'l Shoe Co. v. Washington,

326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) and its progeny.

Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61,

63 (3d Cir. 1984).

Once a defendant properly raises the jurisdictional defense,

the plaintiff has the burden of establishing by a preponderance

of the evidence that minimum contacts have occurred.  Patterson

v. F.B.I., 893 F.2d 595, 604 (3d Cir. 1990).  Plaintiff "must

sustain its burden of proof . . . through sworn affidavits or

other competent evidence."  Time Share Vacation Club, 735 F.2d at

67 n. 9 (citing Int'l Ass'n of Machinists & Aerospace Workers v.

Northwest Airlines, Inc., 673 F.2d 700 (3d Cir. 1982)).

A.    Delaware Long Arm Statute

Subsection (c) of Delaware's long arm statute gives the

Court personal jurisdiction over any nonresident.  10 Del.C. §

3104(c). Under section 3104, the term "person" includes any

natural person, association, partnership or corporation.  10

Del.C. § 3104(a). The statute further provides in relevant part:

> (c) As to a cause of action brought by any person
> arising from any of the acts enumerated in this
> section, a court may exercise personal jurisdiction
> over any nonresident, or a personal representative, who
> in person or through an agent:(1) Transacts any
> business or performs any character of work or service

4

in the State; . . .
(4) Causes tortious injury in the State or outside of
the State by an act or omission outside the State if
the person regularly does or solicits business, engages
in any other persistent course of conduct in the State
or derives substantial revenue from services, or things
used or consumed in the State . . . . 10 Del.C. §
3104(c).

## DISCUSSION

The fiduciary shield doctrine is a judicially created

doctrine that immunizes acts performed by an individual in the

individual's capacity as a corporate employee from serving as the

foundation for the exercise of personal jurisdiction over that

individual. Mobil Oil Corp., 833 F. Supp. at 440 (discussing

fiduciary shield doctrine). In the past, this Court has

concluded that the fiduciary shield doctrine is not an absolute

bar to personal jurisdiction over a corporate employee. Id. at

443; Resource Ventures, Inc. v. Resources Management Int'l.,

Inc., 42 F. Supp. 2d 423 (D. Del. 1999). Accordingly, in

interpreting Section 3104(c) to the allowable limits of due

process, the Court will consider all forum related contacts of

the Individual Defendants, even those taken in their fiduciary

capacities.

After reviewing the Amended Complaint (D.I. 7) and

Plaintiff's Opposition to Defendants' motion (D.I. 16), the Court

concludes that Sanitec Industries has not presented sufficient

evidence to support a finding of personal jurisdiction over Mr.

5

Smith.  Sanitec Industries has failed to submit evidence that establishes minimum contacts between Mr. Smith and the state of Delaware.  Further, Sanitec Industries offers no evidence that puts Mr. Smith in the reach of Delaware's long arm statute.  In the Third Circuit, the mere maintenance of an interactive website is insufficient to support personal jurisdiction in the absence of evidence indicating that the website operator intentionally aims the website at the forum state or knowingly conducts business with forum residents via the website.  <u>Toys "R" Us, Inc. v. Step Two S.A.</u>, 318 F.3d 446 (3d Cir. 2003).  Sanitec Industries has presented no such evidence.  Accordingly, the Court concludes that exercise of its jurisdiction over Mr. Smith would be improper.

With regard to Mr. Weinsten, the Court concludes that Sanitec Industries has failed to establish facts sufficient to allow the Court to exercise its jurisdiction over him.  Delaware state courts have interpreted section 3104(c)(1) to be a specific jurisdiction provision of the Delaware long-arm statute. <u>Outokumpu Eng'g, Enters., Inc. v. Kvaerner Enviropower, Inc.</u>, 685 A.2d 724, 729 (Del. Super. 1996).  Specific jurisdiction requires that there be a "nexus" between the plaintiff's cause of action and the conduct of the defendant that is used as a basis for jurisdiction.  <u>See Helicopteros Nacionales de Colombia S.A. v.</u>

6

Hall et al., 466 U.S. 408, 414 n. 8 (1984); Boone v. Oy Partek Ab, 724 A.2d 1150, 1155 (Del. Super. 1997). Beyond serving as an officer of one or more Delaware corporations, the filing of UCC financial statements and involvement in state litigation are the only contacts which Mr. Weinsten has in Delaware. Because Sanitec Industries has not asserted there is any nexus between those acts in Delaware and the conduct which is the basis of this lawsuit - the alleged infringement of a patent and trademarks, and violation of Delaware's Deceptive Trade Practices Act - the Court concludes that such contacts are insufficient to give rise to specific jurisdiction over Mr. Weinsten. Further, the Court concludes that filing UCC financing statements and appearing in state court are not the kinds of activities that constitute the kind of "substantial and continuous local activity" necessary to subject Mr. Weinsten to general personal jurisdiction. See Soma Medical Int'l v. Standard Chartered Bank, 196 F.3d 1292, 1296 (10th Cir. 1999). Accordingly, the Court concludes that exercise of its jurisdiction over Mr. Weinsten would be improper.

## CONCLUSION

For these reasons, the Court will grant Defendants' Motion To Dismiss Defendants Jeffrey J. Weinsten and James H. Smith for Lack of Personal Jurisdiction (D.I. 10-2).

An appropriate Order will be entered.

7