IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SANITEC INDUSTRIES, INC., :
        Plaintiff, :
        v. : Civil Action No. 04-1386-JJF
SANITEC WORLDWIDE, LTD., :
JEFFREY J. WEINSTEN, and :
JAMES H. SMITH, :
        Defendants. :

## MEMORANDUM ORDER

Presently before the Court is Defendants' Motion To Dismiss Count VI For Failure To State A Claim (D.I. 10-3). For the reasons set forth below, the Court will deny Defendants' motion.

### BACKGROUND

This action is for infringement of U.S. Patent No. 5,270,000 (the "000" patent), and infringement of related trademarks under the Lanham Act and common law. Further, Plaintiff Sanitec Industries, Inc. ("Sanitec Industries") alleges claims of conversion, tortious interference with prospective business relations, and a violation of Delaware's Deceptive Trade Practices Act.

Sanitec Industries filed this lawsuit on October 25, 2004. (D.I. 1). It filed a First Amended Complaint on November 29, 2004. (D.I. 7.) On December 15, 2004, Defendants, Sanitec Worldwide, Ltd. ("Sanitec Worldwide"), Jeffrey J. Weinsten, and James H. Smith, filed the instant motion.

Sanitec Industries is incorporated pursuant to the laws of the State of California. Defendant Sanitec Worldwide is incorporated pursuant to the laws of the State of Delaware. Defendant Jeffrey J. Weinsten is a citizen of the State of New York. Defendant James H. Smith is a citizen of the State of California.

By their motion, Defendants seek dismissal of Sanitec Industries' claim for deceptive trade practices in violation of Delaware's Deceptive Trade Practices Act, 6 Del. C. § 2531, et seq. ("DTPA") and the common law because Sanitec Industries did not allege any facts occurring in Delaware. (D.I. 11 at 14.)

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). When considering a motion to dismiss, a court must accept as true all allegations in the complaint and must draw all reasonable factual inferences in the light most favorable to the plaintiff. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255 (3d Cir. 1994). The Court is "not required to accept legal conclusions either alleged or

inferred from the pleaded facts." Kost, 1 F.3d at 183. Dismissal is only appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45 (1957). The burden of demonstrating that the plaintiff has failed to state a claim upon which relief may be granted rests on the movant. Young v. West Coast Industrial Relations Assoc., Inc., 763 F.Supp. 64, 67 (D. Del. 1991) (citations omitted).

## DISCUSSION

The relevant portion of Delaware's Deceptive Trade Practices Act provides that:

> A person engages in a deceptive trade practice, when, in the course of a business, vocation, or occupation, that person:
> (5) Represents that goods or services have . . . characteristics . . . that they do not have, or that a person has a . . . status . . .that the person does not have;
> (8) Disparages the goods, services, or business of another by false or misleading representations of fact;
> (12) engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding.

6 Del. C. § 2532(a). The Court recognizes that the act is "remedial in nature and liberally construed." State ex rel. Brady v. Preferred Florist Network, Inc., 791 A.2d 8, 20 (Del. Ch. 2001).

In Count IV, Sanitec Industries avers that Defendants 1) knowingly and willfully misrepresented to the public that they

3

had intellectual property rights and could freely offer to sell and sell products and services using the Sanitec technology; 2) never had any ownership interest in or license to the Sanitec technology, and their misrepresentations were made in bad faith for the purpose of deceiving the public and harming its competition. (D.I. 7 at 7-8.) Further, Sanitec Industries sets forth factual allegations as to Defendants' alleged wrongful conduct. Specifically, Sanitec Industries alleges that Sanitec Worldwide maintains a website, on which it represents that it manufactures and distributes the Sanitec line of microwave disinfection systems for medical waste treatment. Sanitec Industries alleges that the website uses Sanitec Industries' trademarks, including the Sanitec logo. (D.I. 7 at 4.) Accordingly, the Court finds that all elements required under the Delaware statutory scheme are sufficiently pled to withstand the motion to dismiss.

NOW THEREFORE, IT IS HEREBY ORDERED that the Motion To Dismiss Count VI For Failure To State A Claim (D.I. 10-3) filed by Defendants is **DENIED**.

July 7, 2005
DATE

UNITED STATES DISTRICT JUDGE