# EXHIBIT 22

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Agreement") is made and entered into as of the last signature date below (the "Effective Date"), by and between Dr. Mary Riedinger ("Riedinger"), Terrance Quatkemeyer aka Terry Quinn ("Quinn"), Peter J. Babos ("Babos"), James Smith ("Smith"), Jeffrey Weinsten ("Weinsten"), The Windsor Trust ("Windsor Trust"), James R. Harkess ("Harkess"), David Kaye ("Kaye"), Nord S. Sorensen ("Sorensen"), A.B.B. Sanitec West, Inc. ("Sanitec West"), Sanitec Industries, Inc. ("Sanitec Industries"), Sanitec USA, Inc. ("Sanitec USA"), and Windsor Holdings LLC ("Windsor Holdings") (collectively the "Parties").

## RECITALS

A.    In March 2004, Harkess filed a lawsuit to declare his ownership of a California limited liability company named Windsor Holdings LLC ("Windsor Holdings"). The lawsuit is captioned *James Harkess v. Terrance Quatkemeyer aka Terry Quinn et al.,* L.A. Superior Court Case No. BC311681 (the "Windsor Litigation"). Quinn is named as an individual defendant.    Smith, as trustee of the Windsor Trust, subsequently cross-claimed against Harkess seeking a declaration that the Windsor Trust owned Windsor Holdings rather than Harkess.

B.    The claims and cross-claims in the Windsor Litigation were tried to the Court in March and April 2005. In August 2005, the Court issued a Statement of Decision and a Final Judgment (collectively "Final Judgment") in favor of Harkess and against Quinn, Smith and Weinsten.    The Court subsequently issued an order that Harkess is entitled to costs as the prevailing party in the Windsor Litigation. Harkess has filed a memorandum seeking approximately $60,000 in such costs, and Quinn and the Windsor Trust have filed a motion opposing those costs. The appeal period on the Final Judgment has not yet run.

C.    In September 2004, Riedinger filed an individual and shareholder derivative lawsuit against Harkess, Kaye, Sorensen, Sanitec West, Sanitec Industries and Sanitec USA. The lawsuit is captioned *Mary Riedinger v. James Harkess et al.,* Los Angeles Superior Court No. BC 322202 (the "Riedinger Litigation").    The lawsuit alleges, among other things, that Defendants engaged in conduct that breached duties owed to Riedinger and to Sanitec West and that Riedinger was the majority shareholder and controlled Sanitec West.    Sanitec West subsequently cross-claimed (the "Cross-Complaint") against Riedinger, Quinn, and Peter Babos, alleging, among other things, that the Cross-Defendants wrongfully converted Sanitec West funds and assets. Babos has indicated that he intends to file a cross-complaint against Sanitec West, and perhaps other parties, and Riedinger and Quinn may do so as well.    A bifurcated trial of certain standing defenses raised by Harkess, Kaye, Sorensen, Sanitec West, Sanitec Industries and Sanitec USA is set for trial on February 27, 2006.

1

D.      In February 2005, Sanitec Industries filed a lawsuit against Quinn to domesticate in California an approximately $1.4 million Ohio default judgment (plus interest and costs). The Ohio judgment was entered against Quinn on or about September 19, 2002 in Ohio state court in the matter of *Paul Wagner et al. v. George J. Fiorini, II, et al.,* Court of Common Please, Hamilton County, Ohio, Case No. A-0203262 (the "Ohio Default Judgment"). The California lawsuit seeking to domesticate this default judgment is captioned *Sanitec Industries v. Terry Quinn aka Terry Quatkemeyer,* L.A. Superior Court Case No. BS095182 (the "Industries Litigation"). The trial court subsequently declined to domesticate the Ohio default judgment on service of process grounds. Sanitec Industries has appealed that decision. A briefing date has not yet been set by the Court of Appeals.

E.      The Parties have engaged in substantial settlement discussions, and now wish to save litigation costs by entering into a global settlement that resolves the Windsor Litigation, the Riedinger Litigation, the Industries Litigation, and all related cross-complaints.

## AGREEMENT

NOW, THEREFORE, in consideration of the mutual covenants and agreements described below, and for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is agreed:

**Section 1.    Stipulation to Judgment and Waiver of Court Costs in the Windsor Litigation**

1.1      Simultaneous with the execution of this Agreement, Harkess, Quinn, Smith and Weinsten (individually and as trustees of the Windsor Trust), shall execute a Stipulation and [Proposed] Order for Entry of Final Judgment in the Windsor Litigation. The Stipulation shall be in the form attached as Exhibit A hereto, and shall include a waiver of appellate rights by Quinn, Smith and Weinsten (individually and on behalf of the Windsor Trust), and shall provide that each party shall bear their own attorneys' fees and costs. Quinn, Smith and Weinsten shall deliver their executed signature pages to Harkess' counsel, Michael J. Hartley of Weston Benshoof Rochefort Rubalcava & MacCuish LLP ("Harkess' Counsel"), who shall promptly file the Stipulation with the Court. Harkess' Counsel shall then serve on Riedinger's counsel, Michael Weinsten of Liner Yankelevitz Sunshine & Regenstreif ("Riedinger's Counsel"), by first class mail, a conformed copy of the executed Stipulation.

**Section 2.    Dismissal of Appeal In The Industries Litigation**

2.1      Simultaneous with the execution of this Agreement, Sanitec Industries and Quinn shall execute a Stipulation and [Proposed] Order dismissing Sanitec Industries'

2

appeal in the Industries Litigation with prejudice. The Stipulation shall be in the form attached as Exhibit B hereto, and shall provide that each party shall bear their own attorneys' fees and costs. Quinn shall deliver his executed signature page to Harkess' Counsel, who shall promptly file the fully executed Stipulation with the Court of Appeal. Harkess' Counsel shall then serve on Riedinger's Counsel, by first class mail, a conformed copy of the executed Stipulation.

2.2    Sanitec Industries represents and warrants that the plaintiffs in the underlying action that resulted in the Ohio Default Judgment have assigned their entire right, title and interest in the Ohio Default Judgment to Sanitec Industries in perpetuity. Sanitec Industries also represents and warrants that it has not assigned or otherwise transferred its rights in the Ohio Default Judgment, continues to hold such right, title and interest in the Ohio Default Judgment as of the Effective Date, and shall not assign or otherwise transfer its right, title and interest in the Ohio Default Judgment, in whole or in part, in the future. It is the intent of the Parties herein that the releases below shall include the release of the entire, right, title and interest and any claims assigned to Sanitec Industries against Quinn in the Ohio Default Judgment ("Assigned Interest"), and that the Assigned Interest shall be extinguished by this Agreement.

### Section 3.    Dismissal of Riedinger Litigation

3.1    Simultaneous with the execution of this Agreement, Riedinger and Sanitec West shall execute a dismissal with prejudice of the operative complaint and cross-complaint in the Riedinger Litigation. The dismissal shall be in the form attached as Exhibit C hereto. Harkess' Counsel shall be responsible for filing the dismissal promptly with the Court. Harkess' Counsel shall then serve on Riedinger's Counsel, by first class mail, a conformed copy of the executed dismissal.

3.2    All parties in the Riedinger Litigation shall bear their own costs and attorneys' fees.

### Section 4.    Stipulation As To Termination/Dilution Date

4.1    Riedinger hereby stipulates that on or about June 21, 2003, the Sanitec West Board of Directors validly diluted her ownership interest in Sanitec West from 80% to 40% and terminated her as Chief Financial Officer of Sanitec West, so that she was no longer the majority stockholder or an officer or employee of Sanitec West as of that date.

### Section 5.    Ownership Interests In Sanitec Entities

5.1    Riedinger represents and warrants as follows:

3

703674.1

5.1.1  She has not been issued any of the equity capital of, or any debt or convertible securities issued by the "Sanitec Entities" (defined as Sanitec West, Sanitec USA, Sanitec Industries, Sanitec Worldwide, Ltd. ("Worldwide"), Sanitec, Ltd. ("Limited"), Sanitec USA National, Inc. ("SUSAN"), Windsor Holdings or any other Sanitec-related entities), or any options, warrants or other rights to acquire any of the foregoing, or any other ownership interest in the Sanitec Entities or their assets, other than Sanitec West Stock Certificate No. 1, in the amount of 5,700,000 shares of Sanitec West stock (the "Riedinger Shares").

5.1.2  She has not transferred, sold, assigned, pledged, mortgaged, hypothecated or otherwise encumbered her rights in the Riedinger Shares.

5.1.3  She has not caused Sanitec West to issue any shares of equity capital, other equity securities, rights to acquire any equity securities, or any other ownership of any kind in Sanitec West or its assets, to any person or entity, other than to Harkess, Sorensen, Kaye and/or Babos, and has not caused any other Sanitec Entity to issue to any person any ownership interest, or right to acquire any ownership interest, in that Entity or its assets.

5.1.4  She has no assets of the Sanitec Entities in her possession, custody or control.

5.1.5  From at least July 1, 2003 forward, She has not executed, or purported to execute, any agreements or other contracts on behalf of the Sanitec Entities, or otherwise incurred any liabilities or obligations on behalf of the Sanitec Entities, or otherwise committed the Sanitec Entities to any transaction or obligation, except for a purported agreement with Jeffrey Weinsten allegedly dated July 15, 2003.  The Parties reserve their rights with respect to the validity or invalidity of this agreement and Jeffrey Weinsten and Jim Smith expressly do not agree with the stipulation in paragraph 4.1 above.

5.2    Riedinger hereby resigns and relinquishes all positions with Sanitec West or any of the Sanitec Entities, if any, and hereby transfers and assigns to Sanitec Industries all of her ownership interests, if any, in any of the Sanitec Entities or their assets, including but not limited to the Riedinger Shares, effective as of June 21, 2003; and hereby covenants to execute all stock powers, share registries or other documents necessary to transfer the Riedinger Shares to Sanitec Industries, and hereby irrevocably appoints Harkess as her attorney in fact to execute all documents necessary to transfer such Shares on the books and records of Sanitec West or otherwise relinquish all ownership interests or positions with any Sanitec Entities.

5.3    Quinn represents and warrants as follows:

4

5.3.1   He has not ever been issued any of the equity capital of, or any debt or convertible securities issued by Sanitec West, or any options, warrants or other rights to acquire any of the foregoing, or any other ownership interest in Sanitec West or its assets.

5.3.2   He has not caused Sanitec West to issue any shares of equity capital, other equity securities, rights to acquire any equity securities, or any other ownership of any kind in Sanitec West or its assets, to any person or entity, other than to Riedinger, Harkess, Sorensen, Kaye and/or Babos.

5.3.3   He has no assets of any Sanitec Entities in his possession, custody or control.

5.3.4   He has not executed, or purported to execute, any agreements or other contracts on behalf of Sanitec West, or otherwise incurred any liabilities or obligations on behalf of Sanitec West, or otherwise committed Sanitec West to any transaction or obligation.

5.4     Quinn hereby resigns and relinquishes all positions with Sanitec West or any of the Sanitec Entities, if any, and hereby transfers and assigns to Sanitec Industries all of his ownership interests, if any, in any of the Sanitec Entities or their assets; and hereby covenants to execute all stock powers, share registries or other documents necessary to transfer such interest(s), if any, to Sanitec Industries, and hereby irrevocably appoints Harkess as his attorney in fact to execute all documents necessary to transfer such interests on the company books and records or otherwise relinquish all ownership interests or positions with any Sanitec Entities.

5.5     Babos represents and warrants as follows:

5.5.1   He has not been issued any of the equity capital, or any debt or convertible securities issued by the "Sanitec Entities," or any options, warrants or other rights to acquire any of the foregoing, or any other ownership interest in the Sanitec Entities or their assets, other than Sanitec West Stock Certificate No. 5, in the amount of 712,500 shares of Sanitec West stock (the "Babos Shares").

5.5.2   He has not transferred, sold, assigned, pledged, mortgaged, hypothecated or otherwise encumbered his rights in the Babos Shares.

5.5.3   He has not caused Sanitec West to issue any shares of equity capital, other equity securities, rights to acquire any equity securities, or any other ownership of any kind in Sanitec West or its assets, to any person or entity, other than to Riedinger, Harkess, Sorensen, Kaye and/or himself, and has not caused Sanitec Industries or Sanitec

5

703674.1

USA, Inc. to issue to any person any ownership interest, or right to acquire any ownership interest, in those entities or their assets.

      5.5.4  He has no assets of the Sanitec Entities in his possession, custody or control.

      5.5.5  Since November 2003, he has not executed, or purported to execute, any agreements or other contracts on behalf of Sanitec West, Sanitec USA or Sanitec Industries, or otherwise incurred any liabilities or obligations on behalf of those entities, or otherwise committed those entities to any transaction or obligation.

      5.6    Babos hereby resigns and relinquishes all positions with Sanitec West or any of the Sanitec Entities, if any, and hereby transfers and assigns to Sanitec Industries all of his ownership interests, if any, in any of the Sanitec Entities or their assets, including but not limited to the Babos Shares; and hereby covenants to execute all stock powers, share registries or other documents necessary to transfer the Babos Shares to Sanitec Industries, and hereby irrevocably appoints Harkess as his attorney in fact to execute all documents necessary to transfer such Shares on the books and records of Sanitec West or otherwise relinquish all ownership interests or positions with any Sanitec Entities.

**Section 6.**    **<u>Sanitec West Investor Releases</u>**

      6.1    Prior to execution of this Agreement, Sanitec West has provided Riedinger's Counsel with a sample investor release in the form attached as Exhibit D hereto. Sanitec West represents and warrants that all persons investing in any Sanitec West security have either executed a release in the form attached as Exhibit D, or have been repaid by Sanitec West the full amount of their principal investment plus all interest accrued and owed by the company and do not hold any shares or any other interest in Sanitec West.

**Section 7.**    **<u>Sanitec West Documents And Other Sanitec-Related Documents And Riedinger American Express Records</u>**

      7.1    Within ten (10) business days following execution of this Agreement, and subject to Section 7.3 below, Quinn, Riedinger and Babos shall deliver to Harkess' Counsel the originals (or copies if originals are not available) of all non-privileged documents in their possession, custody or control relating to Sanitec West, including but not limited to any corporate books and records of Sanitec West (such as the original "corporate book," articles of incorporation, bylaws, stockholder minutes or consents, etc.), agreements relating to Sanitec West, regulatory documents relating to Sanitec West, and all financial or accounting information relating to Sanitec West.

6

7.2    Within ten (10) business days following execution of this Agreement, Quinn, Riedinger and Babos shall also deliver to Harkess' Counsel the originals (or copies if originals are not available) of all non-privileged documents in their possession, custody or control, relating to any other Sanitec-related entity, including but not limited to Sanitec Industries, Sanitec USA, Limited, Worldwide, and Sanitec USA National. Such documents shall include, but shall not be limited to, the categories of documents referenced by way of illustration in Section 7.1 above.

7.3    Quinn, Riedinger and Babos acknowledge, represent and warrant that no documents may be withheld from production except on attorney-client privilege or attorney work-product grounds. They also acknowledge, represent and warrant that they will not assert the privileges or work-product protections of any Sanitec-related company as the basis for withholding documents, but may only do so with respect to privileges and protections that they hold themselves as individual parties in any of the litigations referenced in this Agreement.

7.4    Quinn, Riedinger and Babos shall be entitled to keep copies of any documents that they produce to Harkess' Counsel pursuant to this Section.

7.5    Sanitec West, Harkess, Sorenson and Kaye represent and warrant that neither they nor any of their agents, attorneys or representatives are in possession, have been in possession or will be in possession of any documents produced by American Express in connection with the August 4, 2005 subpoena issued to American Express seeking among other things the credit card records of Riedinger. Promptly after execution of this agreement, Harkess, Sanitec West, Kaye and Sorenson through counsel shall cause any documents delivered by American Express to the deposition officer listed on said subpoena to be immediately turned over to Riedinger's counsel, Michael E. Weinsten, and will further direct the deposition officer to destroy any copies made of those documents.

## Section 8.    **Mutual Releases**

8.1    Except to enforce any provision of this Agreement, subject to Subsection 8.14 below, and upon full execution of this Agreement, Riedinger (on behalf of herself and her respective descendents, dependents, heirs, executors, administrators, assigns, successors, agents, attorneys, employees, trusts, estates, partnerships, corporations and subsidiaries or divisions thereof, past and present) hereby waives, releases, acquits, covenants not to sue, and forever discharges Harkess, Kaye, Sorensen, Sanitec West, Sanitec Industries, Sanitec USA, Limited, Worldwide, SUSAN, and Windsor Holdings, including but not limited to their respective officers, directors, shareholders, affiliates, parents, subsidiaries, partners, principals, indemnitees, employees, attorneys, agents, consultants or experts, insurers, or any other person acting on their behalf, or their respective predecessors, successors, heirs, or assigns, of and from any and all claims,

7

actions, causes of action, demands, rights, damages, costs, fees, expenses, compensation or benefits, of every kind and nature whatsoever, direct or indirect, anticipated or unanticipated, known or unknown, foreseen or unforeseen, suspected or unsuspected, contingent or otherwise, which Riedinger now has or may have or may be capable of asserting on account of or in any way growing out of, relating to, resulting from or in connection with any act or omission concerning any matter.

      8.2    Except to enforce any provision of this Agreement, subject to Subsection 8.14 below, and upon full execution of this Agreement, Quinn (on behalf of himself and his respective descendents, dependents, heirs, executors, administrators, assigns, successors, agents, attorneys, employees, trusts, estates, partnerships, corporations and subsidiaries or divisions thereof, past and present) hereby waives, releases, acquits, covenants not to sue, and forever discharges Harkess, Kaye, Sorensen, Sanitec West, Sanitec Industries, Sanitec USA, Limited, Worldwide, SUSAN, and Windsor Holdings, including but not limited to their respective officers, directors, shareholders, affiliates, parents, subsidiaries, partners, principals, indemnitees, employees, attorneys, agents, consultants or experts, insurers, or any other person acting on their behalf, or their respective predecessors, successors, heirs, or assigns, of and from any and all claims, actions, causes of action, demands, rights, damages, costs, fees, expenses, compensation or benefits, of every kind and nature whatsoever, direct or indirect, anticipated or unanticipated, known or unknown, foreseen or unforeseen, suspected or unsuspected, contingent or otherwise, which Quinn now has or may have or may be capable of asserting on account of or in any way growing out of, relating to, resulting from or in connection with any act or omission concerning any matter.

      8.3    Except to enforce any provision of this Agreement, subject to Subsection 8.14 below, and upon full execution of this Agreement, Babos (on behalf of himself and his respective descendents, dependents, heirs, executors, administrators, assigns, successors, agents, attorneys, employees, trusts, estates, partnerships, corporations and subsidiaries or divisions thereof, past and present) hereby waives, releases, acquits, covenants not to sue, and forever discharges Harkess, Kaye, Sorensen, Sanitec West, Sanitec Industries, Sanitec USA, Limited, Worldwide, SUSAN, and Windsor Holdings, including but not limited to their respective officers, directors, shareholders, affiliates, parents, subsidiaries, partners, principals, indemnitees, employees, attorneys, agents, consultants or experts, insurers, or any other person acting on their behalf, or their respective predecessors, successors, heirs, or assigns, of and from any and all claims, actions, causes of action, demands, rights, damages, costs, fees, expenses, compensation or benefits, of every kind and nature whatsoever, direct or indirect, anticipated or unanticipated, known or unknown, foreseen or unforeseen, suspected or unsuspected, contingent or otherwise, which Babos now has or may have or may be capable of asserting on account of or in any way growing out of, relating to, resulting from or in connection with any act or omission concerning any matter.

703674.1

8.4    Except to enforce any provision of this Agreement, subject to Subsection 8.14 below, and upon full execution of this Agreement, the Windsor Trust hereby waives, releases, acquits, covenants not to sue, and forever discharges Harkess, Kaye, Sorensen, Sanitec West, Sanitec Industries, Sanitec USA, Limited, Worldwide, SUSAN, and Windsor Holdings, including but not limited to their respective officers, directors, shareholders, affiliates, parents, subsidiaries, partners, principals, indemnitees, employees, attorneys, agents, consultants or experts, insurers, or any other person acting on their behalf, or their respective predecessors, successors, heirs, or assigns, of and from any and all claims, actions, causes of action, demands, rights, damages, costs, fees, expenses, compensation or benefits, of every kind and nature whatsoever, direct or indirect, anticipated or unanticipated, known or unknown, foreseen or unforeseen, suspected or unsuspected, contingent or otherwise, which Windsor Trust now has or may have or may be capable of asserting on account of or in any way growing out of, relating to, resulting from or in connection with any act or omission concerning any matter.

8.5    Except to enforce any provision of this Agreement, subject to Subsection 8.14 below, and upon full execution of this Agreement, Harkess (on behalf of himself and his respective descendents, dependents, heirs, executors, administrators, assigns, successors, agents, attorneys, employees, trusts, estates, partnerships, corporations and subsidiaries or divisions thereof, past and present) hereby waives, releases, acquits, covenants not to sue, and forever discharges Riedinger, Quinn and Babos, including but not limited to their respective officers, directors, shareholders, affiliates, parents, subsidiaries, partners, principals, indemnitees, employees, attorneys, agents, consultants or experts, insurers, or any other person acting on their behalf, or their respective predecessors, successors, heirs, or assigns, of and from any and all claims, actions, causes of action, demands, rights, damages, costs, fees, expenses, compensation or benefits, of every kind and nature whatsoever, direct or indirect, anticipated or unanticipated, known or unknown, foreseen or unforeseen, suspected or unsuspected, contingent or otherwise, which Harkess now has or may have or may be capable of asserting on account of or in any way growing out of, relating to, resulting from or in connection with any act or omission concerning any matter.

8.6    Except to enforce any provision of this Agreement, subject to Subsection 8.14 below, and upon full execution of this Agreement, Kaye (on behalf of himself and his respective descendents, dependents, heirs, executors, administrators, assigns, successors, agents, attorneys, employees, trusts, estates, partnerships, corporations and subsidiaries or divisions thereof, past and present) hereby waives, releases, acquits, covenants not to sue, and forever discharges Riedinger, Quinn and Babos, including but not limited to their respective officers, directors, shareholders, affiliates, parents, subsidiaries, partners, principals, indemnitees, employees, attorneys, agents, consultants or experts, insurers, or any other person acting on their behalf, or their respective predecessors, successors, heirs, or assigns, of and from any and all claims, actions, causes of action, demands, rights, damages, costs, fees, expenses, compensation or benefits, of

9

every kind and nature whatsoever, direct or indirect, anticipated or unanticipated, known or unknown, foreseen or unforeseen, suspected or unsuspected, contingent or otherwise, which Kaye now has or may have or may be capable of asserting on account of or in any way growing out of, relating to, resulting from or in connection with any act or omission concerning any matter.

8.7    Except to enforce any provision of this Agreement, subject to Subsection 8.14 below, and upon full execution of this Agreement, Sorensen (on behalf of himself and his respective descendents, dependents, heirs, executors, administrators, assigns, successors, agents, attorneys, employees, trusts, estates, partnerships, corporations and subsidiaries or divisions thereof, past and present) hereby waives, releases, acquits, covenants not to sue, and forever discharges Riedinger, Quinn and Babos, including but not limited to their respective officers, directors, shareholders, affiliates, parents, subsidiaries, partners, principals, indemnitees, employees, attorneys, agents, consultants or experts, insurers, or any other person acting on their behalf, or their respective predecessors, successors, heirs, or assigns, of and from any and all claims, actions, causes of action, demands, rights, damages, costs, fees, expenses, compensation or benefits, of every kind and nature whatsoever, direct or indirect, anticipated or unanticipated, known or unknown, foreseen or unforeseen, suspected or unsuspected, contingent or otherwise, which Sorenson now has or may have or may be capable of asserting on account of or in any way growing out of, relating to, resulting from or in connection with any act or omission concerning any matter.

8.8    Except to enforce any provision of this Agreement, subject to Subsection 8.14 below, and upon full execution of this Agreement, Sanitec West (on its own behalf and on behalf of its officers, directors, shareholders, agents, employees, representatives, principals, attorneys, insurers, affiliates, parents, divisions, subsidiaries, partnerships, partners, joint venturers, members, heirs, executors, administrators, trusts, trustees, beneficiaries, predecessors, successors, and assigns, and each of their respective successors, assigns, heirs and representatives, past and present) hereby waives, releases, acquits, covenants not to sue, and forever discharges Riedinger, Quinn and Babos, including but not limited to their respective officers, directors, shareholders, affiliates, parents, subsidiaries, partners, principals, indemnitees, employees, attorneys, agents, consultants or experts, insurers, or any other person acting on their behalf, or their respective predecessors, successors, heirs, or assigns, of and from any and all claims, actions, causes of action, demands, rights, damages, costs, fees, expenses, compensation or benefits, of every kind and nature whatsoever, direct or indirect, anticipated or unanticipated, known or unknown, foreseen or unforeseen, suspected or unsuspected, contingent or otherwise, which Sanitec West now has or may have or may be capable of asserting on account of or in any way growing out of, relating to, resulting from or in connection with any act or omission concerning any matter.

10

703674.1

8.9    Except to enforce any provision of this Agreement, subject to Subsection 8.14 below, and upon full execution of this Agreement, Sanitec USA (on its own behalf and on behalf of its officers, directors, shareholders, agents, employees, representatives, principals, attorneys, insurers, affiliates, parents, divisions, subsidiaries, partnerships, partners, joint venturers, members, heirs, executors, administrators, trusts, trustees, beneficiaries, predecessors, successors, and assigns, and each of their respective successors, assigns, heirs and representatives, past and present) hereby waives, releases, acquits, covenants not to sue, and forever discharges Riedinger, Quinn and Babos, including but not limited to their respective officers, directors, shareholders, affiliates, parents, subsidiaries, partners, principals, indemnitees, employees, attorneys, agents, consultants or experts, insurers, or any other person acting on their behalf, or their respective predecessors, successors, heirs, or assigns, of and from any and all claims, actions, causes of action, demands, rights, damages, costs, fees, expenses, compensation or benefits, of every kind and nature whatsoever, direct or indirect, anticipated or unanticipated, known or unknown, foreseen or unforeseen, suspected or unsuspected, contingent or otherwise, which Sanitec USA now has or may have or may be capable of asserting on account of or in any way growing out of, relating to, resulting from or in connection with any act or omission concerning any matter.

8.10    Except to enforce any provision of this Agreement, subject to Subsection 8.14 below, and upon full execution of this Agreement, Sanitec Industries (on its own behalf and on behalf of its officers, directors, shareholders, agents, employees, representatives, principals, attorneys, insurers, affiliates, parents, divisions, subsidiaries, partnerships, partners, joint venturers, members, heirs, executors, administrators, trusts, trustees, beneficiaries, predecessors, successors, and assigns, and each of their respective successors, assigns, heirs and representatives, past and present) hereby waives, releases, acquits, covenants not to sue, and forever discharges Riedinger, Quinn and Babos, including but not limited to their respective officers, directors, shareholders, affiliates, parents, subsidiaries, partners, principals, indemnitees, employees, attorneys, agents, consultants or experts, insurers, or any other person acting on their behalf, or their respective predecessors, successors, heirs, or assigns, of and from any and all claims, actions, causes of action, demands, rights, damages, costs, fees, expenses, compensation or benefits, of every kind and nature whatsoever, direct or indirect, anticipated or unanticipated, known or unknown, foreseen or unforeseen, suspected or unsuspected, contingent or otherwise, which Sanitec Industries now has or may have or may be capable of asserting on account of or in any way growing out of, relating to, resulting from or in connection with any act or omission concerning any matter.

8.11    Except to enforce any provision of this Agreement, subject to Subsection 8.14 below, and upon full execution of this Agreement, Windsor Holdings (on its own behalf and on behalf of its officers, directors, shareholders, agents, employees, representatives, principals, attorneys, insurers, affiliates, parents, divisions, subsidiaries, partnerships, partners, joint venturers, members, heirs, executors, administrators, trusts,

11

trustees, beneficiaries, predecessors, successors, and assigns, and each of their respective successors, assigns, heirs and representatives, past and present) hereby waives, releases, acquits, covenants not to sue, and forever discharges Riedinger, Quinn and Babos, including but not limited to their respective officers, directors, shareholders, affiliates, parents, subsidiaries, partners, principals, indemnitees, employees, attorneys, agents, consultants or experts, insurers, or any other person acting on their behalf, or their respective predecessors, successors, heirs, or assigns, of and from any and all claims, actions, causes of action, demands, rights, damages, costs, fees, expenses, compensation or benefits, of every kind and nature whatsoever, direct or indirect, anticipated or unanticipated, known or unknown, foreseen or unforeseen, suspected or unsuspected, contingent or otherwise, which Windsor Holdings now has or may have or may be capable of asserting on account of or in any way growing out of, relating to, resulting from or in connection with any act or omission concerning any matter.

8.12    Except as set forth in Section 1.1 above, Harkess, Kaye, Sorensen, Sanitec West, Sanitec Industries, Sanitec USA, and Windsor Holdings are not releasing any claims, regardless of their nature, that they had, now have, or may have, against Weinsten, Smith, Salem Associates, Inc., North Salem Associates, Inc., or any entity related in any manner whatsoever to them. Weinsten, Smith, Salem Associates, and any other entity related in any manner whatseover to them are not intended beneficiaries of this release. By this limitation, Harkess, Kaye, Sorensen, Sanitec West, Sanitec Industries, Sanitec USA, Sanitec Ltd., Sanitec Worldwide and Windsor Holdings intend to preserve any and all claims, regardless of their nature, that they had, have, or may have against Smith, Weinsten or Salem Associates, Inc., North Salem Associates, Inc., or any other entity related in any manner whatsoever to them other than Quinn, Riedinger and Babos.

8.13    Except as set forth in Section 1.1 above, Weinsten, Smith, Salem Associates, Inc., North Salem Associates, Inc., or any entity related in any manner whatsoever to them are not releasing any claims, regardless of their nature, that they had, now have, or may have, against Harkess, Kaye, Sorensen, Sanitec West, Sanitec Industries, Sanitec Worldwide, Sanitec Ltd., Sanitec USA, and Windsor Holdings. By this limitation, Weinsten, Smith, Salem Associates, and any other entity related in any manner whatsoever to them intend to preserve any and all claims, regardless of their nature, that they had, have, or may have against Harkess, Kaye, Sorensen, Sanitec West, Sanitec Industries, Sanitec Worldwide, Sanitec Ltd., Sanitec USA, and Windsor Holdings, or any other entity related in any manner whatsoever to them other than Quinn, Riedinger and Babos.

8.14    The mutual releases provided for in Subsections 8.1 through 8.13 of this Agreement shall cover all claims provided by statute, at law, common law, or in equity. Nothing in Section 8 of this Agreement shall preclude any Party from pursuing Litigation

against another Party or Parties to enforce the provisions, terms and/or conditions of this Agreement.

8.15    The Parties executing mutual releases in Subsections 8.1 through 8.13 of this Agreement hereby waive any and all rights under California Civil Code Section 1542. California Civil Code Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

8.16    All releases in favor of Babos are intended to include any matter wherein Babos was acting in any capacity as an attorney for or on behalf of Sanitec West.

8.17    Riedinger, Quinn, Babos, The Windsor Trust, Harkess, Kaye, Sorensen, Sanitec West, Sanitec USA, and Sanitec Industries acknowledge that they have executed the releases contained in Subsections 8.1 through 8.13 voluntarily, with full knowledge of their significance and limitations, and with the express intention of affecting the legal consequences provided by California Civil Code Section 1542.

**Section 9.    Exchange of Counterparts**

If this Agreement is executed in counterparts by the Parties and signatures exchanged by facsimile or in electronic form, it shall be considered fully executed to the same extent as if the Parties had signed the original document.

**Section 10.    Approvals and Notifications**

Any and all notices required or permitted under this Agreement shall be in writing and shall be deemed to be given when: (1) hand-delivered; (2) sent by overnight mail; or (3) upon receipt after mailing when mailed by certified mail return receipt requested, postage prepaid addressed to the party for whom it is intended as follows:

**If to Riedinger:**
c/o Michael Weinsten, Esq.
Liner Yankelevitz Sunshine & Regenstreif LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, CA  90024

13

**If to Quinn:**
c/o Peter J. Babos, Esq.
Law Offices of Peter J. Babos
9401 Wilshire Boulevard, Suite 650
Beverly Hills, CA 90212

**If to Babos:**
c/o Peter J. Babos, Esq.
Law Offices of Peter J. Babos
9401 Wilshire Boulevard, Suite 650
Beverly Hills, CA 90212

**If to Smith:**
c/o Michael E. Weinsten, Esq.
Liner Yankelevitz Sunshine & Regenstreif LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, CA 90024

**If to Weinsten:**
c/o Michael E. Weinsten, Esq.
Liner Yankelevitz Sunshine & Regenstreif LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, CA 90024

**If to Windsor Trust:**
c/o Peter J. Babos, Esq.
Law Offices of Peter J. Babos
9401 Wilshire Boulevard, Suite 650
Beverly Hills, CA 90212

**If to Kaye:**
c/o Mark E. Overland, Esq.
Overland Borenstein Scheper & Kim LLP
300 South Grand Avenue, Suite 2750
Los Angeles, CA 90071-3144

**If to Harkess and Sorensen:**
c/o Michael J. Hartley, Esq.
Weston, Benshoof, Rochefort,
   Rubalcava & MacCuish LLP
333 South Hope Street, 16th Floor
Los Angeles, CA 90071

14

**If to Sanitec USA, Sanitec West and Sanitec Industries:**
c/o Joel A. Thvedt, Esq.
Knott & Glazier LLP
601 South Figueroa Street
Suite 1950
Los Angeles, CA 90017

## Section 11.  Choice of Law

This Agreement shall be deemed to have been entered into in the State of California and all questions concerning the validity, interpretation or performance of any of its terms or provisions or of any rights or obligations of the Parties thereto, shall be governed by and resolved in accordance with the laws of the State of California. All legal actions concerning the validity, interpretation or enforcement of this Agreement must be originally brought in the Superior Court of the State of California, County of Los Angeles.  By executing this Agreement, all Parties hereto are submitting to the jurisdiction of the State of California with respect to any dispute which may arise out of this Agreement.

## Section 12.  Advice of Counsel

Riedinger, Quinn, Babos, The Windsor Trust, Harkess, Kaye, Sorensen, Sanitec West, Sanitec USA, and Sanitec Industries acknowledge that they have obtained the advice of independent legal counsel prior to signing this Agreement and the other Parties acknowledge that they have had the opportunity to do so. Quinn further acknowledges that on September 21, 2005, Babos was disqualified from representing him in the Riedinger Litigation; however, Sanitec West has subsequently agreed to allow Babos to continue representing Quinn for the limited purpose of advising him with respect to this Agreement. Quinn acknowledges and agrees that he may not subsequently assert Babos' conflict as a basis for having this Agreement or any part of it invalidated or set aside.

## Section 13.  Costs and Attorneys' Fees

Except as otherwise provided in this Agreement, the Parties shall bear their own costs and attorneys' fees in connection with the Windsor, Riedinger and Industries Litigations and any other matters covered in this Agreement.

## Section 14.  Litigation Fees And Costs

In any Litigation between the Parties to enforce the provisions of the Agreement, the Party prevailing in the Litigation, whether at trial, arbitration or an appeal, shall be awarded its costs and expenses of suit, including, without limitation, a reasonable sum for attorneys' fees and expert witness fees incurred in such Litigation. The term "prevailing

party" as used in this paragraph shall not be limited to a prevailing plaintiff Party, but shall also include, without limitation, any Party who is made a defendant in Litigation in which damages or other relief or both may be sought against such Party and a final judgment or dismissal or decree is entered in such Litigation in favor of such Party defendant. Attorneys' fees and expert witness fees incurred in enforcing any judgment or order rendered in connection with the interpretation or enforcement of this Agreement are recoverable by the Party in whose favor such judgment or award is rendered, as a separate item of damages. The provisions of this Section are severable from the other provisions of this Agreement and shall survive any such judgment or award, and the provisions of this Section shall not be deemed merged into any such judgment or award.

## Section 15.   Cooperation

The Parties agree to cooperate fully and execute any and all supplementary documents and to take all additional actions that may be necessary or appropriate to give full force and effect to the terms of this Agreement.

## Section 16.   Severability

In the event that any provision of this Agreement is determined by a court to be invalid, the remaining portions are to remain in full force and effect, unless a declaratory judgment is obtained to determine that the portion of the Agreement determined invalid is material to the Agreement to such an extent as to render the entire Agreement void. It is the intent of the Parties that the provisions in Sections 1-8 shall be presumed material to the Agreement.

## Section 17.   Non-Waiver

The failure in any one or more instances of a Party to insist upon performance of any of the terms, covenants or conditions of this Agreement to exercise any right or privilege in this Agreement conferred, or the waiver by said Party of any breach of any of the terms, covenants or conditions of this Agreement shall not be construed as a subsequent waiver of any such terms, covenants, conditions, rights or privileges, but the same shall continue and remain in full force and effect as if no such forbearance or waiver have occurred. No waiver shall be effective unless it is in writing and signed by an authorized representative of the waiving Party.

## Section 18.   Rules of Construction

The Parties represent that each Party entered into this Agreement with full knowledge and understanding of the covenants and conditions contained therein and of the transactions contemplated by the respective Parties. Accordingly, any rule of law, including but not limited to Section 1654 of the California Civil Code, or any legal

16

703674.1

decision that would require interpretation of any claimed ambiguities in this Agreement against the Party that drafted it has no application and is expressly waived. The provisions of this Agreement shall be interpreted in a reasonable manner to effect the intent and agreement of the Parties and shall be construed as if all Parties prepared this Agreement.

### Section 19.  Complete Agreement

This document constitutes the full and entire Agreement between the Parties hereto. There are no other understandings, oral or written, relating to the subject matter of this Agreement. This Agreement may not be changed, modified or amended, in whole or in part, except in writing, signed by all of the Parties.

### Section 20.  Time Of The Essence

Time is of the essence hereof as to this Agreement and each and every individual term, covenant, provision, obligation and conditions hereof.

### Section 21.  Headings

The section headings herein are used only for the purpose of convenience and shall not be deemed to limit the subject of the paragraphs of this Agreement or to be considered in their construction.

### Section 22.  Authority

The undersigned hereby represent and warrant that each of them is authorized to execute this Agreement on behalf of the Parties and that this Agreement, when executed, shall be a valid and binding obligation, in accordance with its terms.

### Section 23.  Express Denial of Responsibility or Liability

It is expressly understood and agreed that neither the execution of this Agreement, nor the performance of any obligation recited herein is intended or shall be understood as an acknowledgment of responsibility, admission of liability (excepting the liabilities, responsibilities, obligations and duties under this Agreement) or of any fact (excepting facts contained in the representations and warranties provisions and section 4.1 of this Agreement), or other expression reflecting upon the merits of any claim; and any such responsibility or liability is expressly denied.

IN WITNESS WHEREOF, the Parties have caused their duly authorized representatives or themselves to execute and enter into this Agreement as of the date first set forth above.

17

703674.1

**AGREED AND ACCEPTED BY:**

By: _____        By:_____
       DR. MARY S. RIEDINGER                TERRANCE QUATKEMEYER,
                                            aka TERRY QUINN


By: _____        By:_____
     JEFFREY WEINSTEN*                      JAMES SMITH*
     *(As to Sections 1.1, 5.1.5, 8.12 & 8.13, and 9-22 Only)

By: _____        By: _____
       JAMES R. HARKESS                     NORD S. SORENSEN


By: _____        By: _____
       DAVID KAYE                           PETER BABOS


**THE WINDSOR TRUST**              **THE WINDSOR TRUST**


By: _____        By: _____
       JEFFREY WEINSTEN*                    JAMES SMITH*
       Its: Trustee                         Its: Trustee
       *(As to Sections 1.1, 8-22 Only)


By: _____
       TERRANCE QUINN AKA TERRANCE
       QUATKEMEYER
       Its: Beneficiary


**A.B.B. SANITEC WEST, INC.**

By: _____
       JAMES R. HARKESS
       Its: Chief Executive Officer


18

703674.1

**AGREED AND ACCEPTED BY:**

By: _____
    DR. MARY S. RIEDINGER

By: _____
    TERRANCE QUATKEMEYER,
    aka TERRY QUINN


By: _____
    JEFFREY WEINSTEN*
    *(As to Sections 1.1, 5.1.5, 8.12 & 8.13, and 9-22 Only)

By: _____
    JAMES SMITH*


By: _____
    JAMES R. HARKESS

By: _____
    DAVID KAYE

By: _____
    NORD S. SORENSEN

By: _____
    PETER BABOS


**THE WINDSOR TRUST**

**THE WINDSOR TRUST**


By: _____
    JEFFREY WEINSTEN*
    Its: Trustee
    *(As to Sections 1.1, 8-22 Only)

By: _____
    JAMES SMITH*
    Its: Trustee


By: _____
    TERRANCE QUINN AKA TERRANCE
    QUATKEMEYER
    Its: Beneficiary


**A.B.B. SANITEC WEST, INC.**


By: _____
    JAMES R. HARKESS
    Its: Chief Executive Officer


18

702674.1

AGREED AND ACCEPTED BY:

By: _____
        DR. MARY S. RIEDINGER

By: _____
        TERRANCE QUATKEMEYER,
        aka TERRY QUINN


By: _____
        JEFFREY WEINSTEN*
    *(As to Sections 1.1, 5.1.5, 8.12 & 8.13, and 9-22 Only)

By: _____
        JAMES SMITH*


By: _____
        JAMES R. HARKESS

By: _____
        NORD S. SORENSEN


By: _____
        DAVID KAYE

By: _____
        PETER BABOS


THE WINDSOR TRUST

THE WINDSOR TRUST


By: _____
        JEFFREY WEINSTEN*
        Its: Trustee
        *(As to Sections 1.1, 8-22 Only)

By: _____
        JAMES SMITH*
        Its: Trustee


By: _____
        TERRANCE QUINN AKA TERRANCE
        QUATKEMEYER
        Its: Beneficiary


A.B.B. SANITEC WEST, INC.


By: _____
        JAMES R. HARKESS
        Its: Chief Executive Officer


18

AGREED AND ACCEPTED BY:

By: _____
    DR. MARY S. RIEDINGER

By: _____
    TERRANCE QUATKEMEYER,
    aka TERRY QUINN

By: _____
    JEFFREY WEINSTEN*
  *(As to Sections 1.1, 5.1.5, 8.12 & 8.13, and 9-22 Only)

By: _____
    JAMES SMITH*

By: _____
    JAMES R. HARKESS

By: _____
    NORD S. SORENSEN

By: _____
    DAVID KAYE

By: _____
    PETER BABOS

THE WINDSOR TRUST

THE WINDSOR TRUST

By: _____
    JEFFREY WEINSTEN*
    Its: Trustee
    *(As to Sections 1.1, 8-22 Only)

By: _____
    JAMES SMITH*
    Its: Trustee

By: _____
    TERRANCE QUINN AKA TERRANCE
    QUATKEMEYER
    Its: Beneficiary

A.B.B. SANITEC WEST, INC.

By: _____
    JAMES R. HARKESS
    Its: Chief Executive Officer

18

703674.1

AGREED AND ACCEPTED BY:

By: _____
    DR. MARY S. RIEDINGER

By: _____
    JEFFREY WEINSTEN*
    *(As to Sections 1.1, 5.1.5, 8.12 & 8.13, and 9-22 Only)

By: _____
    JAMES R. HARKESS

By: _____
    DAVID KAYE

THE WINDSOR TRUST

By: _____
    JEFFREY WEINSTEN*
    Its: Trustee
    *(As to Sections 1.1, 8-22 Only)

By: _____
    TERRANCE QUINN AKA TERRANCE
    QUATKEMEYER
    Its: Beneficiary

A.B.B. SANITEC WEST, INC.

By: _____
    JAMES R. HARKESS
    Its: Chief Executive Officer


By: _____
    TERRANCE QUATKEMEYER,
    aka TERRY QUINN

By: _____
    JAMES SMITH*

By: _____
    NORD S. SORENSEN

By: _____
    PETER BABOS

THE WINDSOR TRUST

By: _____
    JAMES SMITH*
    Its: Trustee

18

**AGREED AND ACCEPTED BY:**

By: _____
    DR. MARY S. RIEDINGER

By: _____
    TERRANCE QUATKEMEYER,
    aka TERRY QUINN

By: _____
    JEFFREY WEINSTEN*
  *(As to Sections 1.1, 5.1.5, 8.12 & 8.13, and 9-22 Only)

By: _____
    JAMES SMITH*

By: _____
    JAMES R. HARKESS

By: _____
    NORD S. SORENSEN

By: _____
    DAVID KAYE

By: _____
    PETER BABOS

**THE WINDSOR TRUST**

**THE WINDSOR TRUST**

By: _____
    JEFFREY WEINSTEN*
    Its: Trustee
    *(As to Sections 1.1, 8-22 Only)

By: _____
    JAMES SMITH*
    Its: Trustee

By: _____
    TERRANCE QUINN AKA TERRANCE
    QUATKEMEYER
    Its: Beneficiary

**A.B.B. SANITEC WEST, INC.**

By: _____
    JAMES R. HARKESS
    Its: Chief Executive Officer

18

703674.1

AGREED AND ACCEPTED BY:

By: _____          By: _____
     DR. MARY S. RIEDINGER                   TERRANCE QUATKEMEYER,
                                             aka TERRY QUINN


By: _____          By: _____
     JEFFREY WEINSTEN*                        JAMES SMITH*
     *(As to Sections 1.1, 5.1.5, 8.12 & 8.13, and 9-22 Only)


By: _____          By: _____
     JAMES R. HARKESS                         NORD S. SORENSEN


By: _____          By: _____ 10-2-05
     DAVID KAYE                               PETER BABOS


**THE WINDSOR TRUST**                  **THE WINDSOR TRUST**


By: _____          By: _____
     JEFFREY WEINSTEN*                        JAMES SMITH*
     Its: Trustee                            Its: Trustee
     *(As to Sections 1.1, 8-22 Only)


By: _____
     TERRANCE QUINN AKA TERRANCE
     QUATKEMEYER
     Its: Beneficiary


**A.B.B. SANITEC WEST, INC.**


By: _____
     JAMES R. HARKESS
     Its: Chief Executive Officer


18

703674.1

**SANITEC USA, INC.**

By: _____
    JAMES R. HARKESS
    Its: Chief Executive Officer


**SANITEC INDUSTRIES, INC.**

By: _____
    JAMES R. HARKESS
    Its: Chief Executive Officer




## APPROVED AS TO FORM:

**LINER YANKELEVITZ SUNSHINE
& REGENSTREIF LLP**


By: _____
        Michael Weinsten
        Attorney for DR. MARY RIEDINGER

**LAW OFFICES OF PETER J. BABOS**


By: _____
        Peter J. Babos
        Attorney for TERRANCE QUATKEMEYER AKA
        TERRY QUINN, PETER BABOS and THE WINDSOR TRUST

**WESTON, BENSHOOF, ROCHEFORT,
RUBALCAVA & MacCUISH LLP**

By: _____
        Michael J. Hartley
        Attorney for JAMES R. HARKESS and
        NORD S. SORENSEN

19

703674.1

SANITEC USA, INC.

By: _____
      JAMES R. HARKESS
      Its: Chief Executive Officer

SANITEC INDUSTRIES, INC.

By: _____
      JAMES R. HARKESS
      Its: Chief Executive Officer

**APPROVED AS TO FORM:**

**LINER YANKELEVITZ SUNSHINE
   & REGENSTREIF LLP**

By: _____
      Michael Weinsten
      Attorney for DR. MARY RIEDINGER

**LAW OFFICES OF PETER J. BABOS**

By: _____ 10-7-05
      Peter J. Babos
      Attorney for TERRANCE QUATKEMEYER AKA
      TERRY QUINN, PETER BABOS and THE WINDSOR TRUST

**WESTON, BENSHOOF, ROCHEFORT,
   RUBALCAVA & MacCUISH LLP**

By: _____
      Michael J. Hartley
      Attorney for JAMES R. HARKESS and
      NORD S. SORENSEN

19

703874.1

SANITEC USA, INC.

By: _____
        JAMES R. HARKESS
        Its: Chief Executive Officer


SANITEC INDUSTRIES, INC.


By: _____
        JAMES R. HARKESS
        Its: Chief Executive Officer



**APPROVED AS TO FORM:**

**LINER YANKELEVITZ SUNSHINE
& REGENSTREIF LLP**

By: _____
        Michael Weinsten
        Attorney for DR. MARY RIEDINGER

**LAW OFFICES OF PETER J. BABOS**


By: _____
        Peter J. Babos
        Attorney for TERRANCE QUATKEMEYER AKA
        TERRY QUINN, PETER BABOS and THE WINDSOR TRUST
**WESTON, BENSHOOF, ROCHEFORT,
RUBALCAVA & MacCUISH LLP**


By: _____
        Michael J. Hartley
        Attorney for JAMES R. HARKESS and
        NORD S. SORENSEN

19

703674 1

OVERLAND BORENSTEIN SCHEPER
  & KIM LLP


By: _____
          Mark E. Overland
          Attorney for DAVID KAYE

KNOTT & GLAZIER LLP


By: _____
          Joel A. Thvedt
          Attorney for A.B.B SANITEC WEST, INC.,
          SANITEC USA, INC. and SANITEC INDUSTRIES, INC.

20

OVERLAND BORENSTEIN SCHEPER
  & KIM LLP


By: _____
          Mark E. Overland
          Attorney for DAVID KAYE

KNOTT & GLAZIER LLP


By: _____
          Joel A. Thvedt
          Attorney for A.B.B SANITEC WEST, INC.,
          SANITEC USA, INC. and SANITEC INDUSTRIES, INC.

20

703674.1

**OVERLAND BORENSTEIN SCHEPER
 & KIM LLP**

By: _____
         Mark E. Overland
         Attorney for DAVID KAYE

**KNOTT & GLAZIER LLP**

By: _____
         Joel A. Thvedt
         Attorney for A.B.B SANITEC WEST, INC.,
         SANITEC USA, INC. and SANITEC INDUSTRIES, INC.

20

703674.1