IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SANITEC INDUSTRIES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C.A. No. 04-1386 JJF |
| SANITEC WORLDWIDE, LTD., | ) |
| | ) |
| Defendant. | ) |

**ANSWERING BRIEF OF DEFENDANT SANITEC WORLDWIDE, LTD. IN RESPONSE TO PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL**

David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155
(302) 884-6766
Attorney for defendant Sanitec Worldwide, Ltd.

Dated: March 16, 2006

## **TABLE OF CONTENTS**

NATURE AND STAGE OF THE PROCEEDINGS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

I.     THE COURT SHOULD DISMISS THIS ACTION WITHOUT MAKING ANY OF THE FINDINGS OF FACT PROPOSED BY PLAINTIFF, AS THIS IS NOT PROPER UNDER FED. R. CIV. P. 41(A)(2) AND APPEARS TO BE DESIGNED TO PREJUDICE RIGHTS IN RELATED LITIGATION . . . . . . . . . . . . . . . . . . . 4

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## **TABLE OF AUTHORITIES**

**Cases**

**B & J Mfg. Co. v. D.A. Frost Industries, Inc.**, 106 F.R.D. 351 (N.D. Ohio 1985) . . . . 4

**Graves v. Principi**, 294 F.3d 1350 (Fed. Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**Jorge v. Rumsfeld**, 404 F.3d 556 (1st Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**Sanitec Industries, Inc. v. Sanitec Worldwide, Inc.**, 376 F.Supp.2d 571 (D. Del. 2005)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**Sanitec Industries, Inc. v. Sanitec Worldwide, Inc.**, 376 F.Supp.2d 575 (D. Del. 2005)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**Selas Corp. of America v. Wilshire Oil Co. of Texas**, 57 F.R.D. 3 (E.D. Pa. 1972) . . . 4

**Spencer v. Moore Business Forms, Inc.**, 87 F.R.D. 118 (N.D. Ga. 1980) . . . . . . . . . . . 4


**Other authorities**

Fed. R. Civ. P. 41(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4, 7

## NATURE AND STAGE OF THE PROCEEDINGS

On October 25, 2004, plaintiff Sanitec Industries, Inc. ("Industries") filed a Complaint against Sanitec Worldwide, Inc. ("Worldwide"), Jeffrey J. Weinsten and James H. Smith. On or about November 29, 2004, Industries filed a First Amended Complaint, alleging patent infringement, Lanham Act violations, common law trademark infringement, violation of the Delaware Deceptive Trade Practices Act, conversion and tortious interference with prospective business relations.

On July 7, 2004, the Court issued opinions and entered orders (i) dismissing Messrs. Weinsten and Smith from the action for lack of personal jurisdiction, **Sanitec Industries, Inc. v. Sanitec Worldwide, Inc.**, 376 F.Supp.2d 571 (D. Del. 2005), and (ii) declining to stay the present action. **Sanitec Industries, Inc. v. Sanitec Worldwide, Inc.**, 376 F.Supp.2d 575 (D. Del. 2005).

On or about July 25, 2005, Worldwide filed an Answer. On August 4, 2005, the Court entered a Rule 16 Scheduling Order.

On March 2, 2006, Industries filed a Motion for Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2). This is Worldwide's brief in response to that motion.

## SUMMARY OF ARGUMENT

Worldwide does not object to the motion to dismiss. However, Worldwide does object to Industries' implicit request that this Court include along with its dismissal a finding that Industries owns Worldwide. The reasons for Industries' request are irrelevant in deciding whether to dismiss. Moreover, a dismissal without prejudice is supposed to leave the parties as the Court found them at the outset. Making any factual findings is inconsistent with that policy.

Additionally, the issue of ownership of Worldwide remains a matter in litigation in California. As explained herein, Mr. Harkess, the owner of Industries, has filed an action in California seeking to hold Mr. Weinsten in contempt of court for holding a meeting of shareholders of Worldwide. Trial in that action is set for May, 2006. At that trial, Mr. Weinstein will present evidence showing that his company, Salem Associates, exercised a stock option which resulted in Salem Associates owning a majority of the stock of Worldwide. Mt. Weinsten will also argue that Judge Dunn's earlier ruling addressed only the ownership of Windsor Holdings, not the stock rights or ownership of Salem Associates.

As this matter is being litigated in California, it would be improper for the Court to issue findings on the issue of ownership here in the context of a motion for voluntary dismissal, which Industries would then seek to use in the California litigation.

## **STATEMENT OF FACTS**

Worldwide respectfully refrains from offering a statement of facts, on the ground that it is Worldwide's position that facts are irrelevant to this motion for voluntary dismissal, and the Court should grant the motion without making any findings of fact.

**ARGUMENT**

I. **THE COURT SHOULD DISMISS THIS ACTION WITHOUT MAKING ANY OF THE FINDINGS OF FACT PROPOSED BY PLAINTIFF, AS THIS IS NOT PROPER UNDER FED. R. CIV. P. 41(A)(2) AND APPEARS TO BE DESIGNED TO PREJUDICE RIGHTS IN RELATED LITIGATION.**

Industries asks this Court to dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(2). In support of its motion, Industries argues that it has established that Messrs. Weinsten and Smith have no ownership interest or right in Worldwide, and that it has been judicially determined that James Harkess, a director, officer and shareholder of Industries, owns and controls Worldwide. Industries asks the Court to enter an Order dismissing this action that also (i) confirms that Industries owns Worldwide, and (ii) makes findings as to that fact based on the failure to respond to requests for admission.

Worldwide respectfully suggests that this proposed course of conduct is improper. Worldwide does not oppose Industries' motion for voluntary dismissal. However, Worldwide opposes Industries' request that the Court, in dismissing the case, make findings of fact as to Industries' claim of ownership of Worldwide.

A plaintiff's reasons for seeking dismissal without prejudice are immaterial to the Court's decision whether or not to dismiss pursuant to Fed. R. Civ. P. 41(a)(2). **B & J Mfg. Co. v. D.A. Frost Industries, Inc.**, 106 F.R.D. 351, 352 (N.D. Ohio 1985); **Spencer v. Moore Business Forms, Inc.**, 87 F.R.D. 118, 119 (N.D. Ga. 1980).

Moreover, a dismissal without prejudice by definition "is not a final adjudication on the merits; instead, it leaves the parties where they would have stood had the lawsuit never been brought". **Selas Corp. of America v. Wilshire Oil Co. of Texas**, 57 F.R.D. 3, 6 (E.D.

Pa. 1972). *Accord* **Jorge v. Rumsfeld**, 404 F.3d 556, 563 (1st Cir. 2005) (a dismissal without prejudice "leaves the parties in the same position as if the action had never been prosecuted"); **Graves v. Principi**, 294 F.3d 1350, 1356 (Fed. Cir. 2002) ("[t]he dismissal of an action without prejudice leaves the parties as though the action had never been brought"). As such, any order of dismissal pursuant to Rule 41(a)(2) should not make any findings relevant to any issue that could be asserted if this action is re-filed at a later date, including the issue of ownership of Worldwide.[1]

Industries' desire for such findings raises the inference that it is seeking to use this Court for an improper purpose. Although the California action determined the issue of the ownership of Windsor Holdings, Messrs. Weinsten and Smith maintain that Judge Dunn in the California Action did not decide the ownership of Worldwide, he decided the ownership of the Windsor Trust. Mr. Weinsten's company, Salem Associates, received a 49% interest in Sanitec Worldwide in 2002. In January, 2005, Salem Associates exercised an option to receive an additional 4% interest in Sanitec Worldwide, although the stock representing that 4% option was not issued until April, 2005. As such, Salem Associates now controls Sanitec Worldwide. (Declaration of Jeffrey J. Weinstein (attached hereto as Ex. A) ¶2).

In October, 2005, Salem Associates gave Mr. Harkess and Windsor Holdings notice of a shareholders meeting for Sanitec Worldwide. In response, Mr. Harkess sent a letter

---

[1] Notably, Industries never asserted in its Amended Complaint a claim for declaratory relief to establish ownership of Worldwide, and so should not be entitled to receive in a motion for voluntary dismissal relief that it did not request in the Amended Complaint, and which is not appropriate in this procedural context in any event. Although it is true that Worldwide asserted an affirmative defense that Industries does not own the patents and trademarks at issue, Worldwide is not seeking a ruling on that issue at this time in this venue.

challenging Salem Associates' rights as majority shareholder, which letter was received after the scheduled shareholders meeting. (**Id.** ¶4).

Because of that shareholders meeting, Mr. Harkess filed an action in California seeking to hold Mr. Weinsten and Mr. Smith in contempt for allegedly violating Judge Dunn's ruling. Trial in that action is scheduled for May, 2006. Mr. Weinsten and Mr. Smith intend to defend based on their ownership rights as described above. (**Id.** ¶¶5-6). While Industries may dispute Salem Associates' control, that is an issue before the California court, and not this Court, and certainly not in the context of a motion for voluntary dismissal.

Industries apparently seeks to have this Court enter an Order making findings as to ownership which it can introduce in the contempt action. This Court should not allow itself to be manipulated in this manner. If, as Industries asserts, Judge Dunn in California determined who owns Worldwide (a point which Worldwide contests), then Industries does not need confirmation of that fact by this Court. And if, as Worldwide contends, Judge Dunn's opinion leaves open the issue as to whether Salem Associates now owns a majority of the stock of Worldwide, then the issue of who owns Industries is one that should be resolved in a proper judicial proceeding, and not on a motion for voluntary dismissal.

**CONCLUSION**

WHEREFORE, for the foregoing reasons, defendant Sanitec Worldwide, Ltd. respectfully states that it does not oppose dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), but requests that the Court refrain from making any findings of fact regarding any issue in this case, including any findings as to who owns Sanitec Worldwide, Ltd.

Dated: March 16, 2006

                              Respectfully submitted,

                              /s/ David L. Finger
                              David L. Finger (DE Bar ID #2556)
                              Finger & Slanina, LLC
                              One Commerce Center
                              1201 Orange Street, Suite 725
                              Wilmington, DE 19801-1155
                              (302) 884-6766
                              Attorney for defendant Sanitec Worldwide, Ltd.

**CERTIFICATE OF SERVICE**

      I, David L. Finger, hereby certify that on March 16, 2006, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

      Richard D. Kirk, Esq.
      The Bayard Firm
      222 Delaware Avenue, 9th fl.
      Wilmington, DE 19801

      /s/ David L. Finger
      David L. Finger (DE Bar ID #2556)
      Finger & Slanina, LLC
      One Commerce Center
      1201 Orange Street, Suite 725
      Wilmington, DE 19801-1155
      (302) 884-6766