IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SANITEC INDUSTRIES, INC.,          :
                                   :
          Plaintiff,               :
                                   :
     v.                            :     Civil Action No. 04-1386-JJF
                                   :
SANITEC WORLDWIDE, LTD.,           :
                                   :
          Defendant.               :

---

Richard D. Kirk, Esquire of
THE BAYARD FIRM, Wilmington, Delaware.
Of Counsel: Richard J. Oparil, Esquire of
PATTON BOGGS LLP, Washington, District of Columbia.
Attorneys for Plaintiff.

David L. Finger, Esquire of
FINGER & SLANINA, Wilmington, Delaware.
Attorney for Defendant.

---

**MEMORANDUM OPINION**

April ___3___, 2006
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is Plaintiff's Motion For Voluntary Dismissal (D.I. 35).  For the reasons discussed, Plaintiff's Motion will be granted.

## I.   BACKGROUND

On October 25, 2004, Plaintiff Sanitec Industries, Inc. ("Industries") filed its Complaint against Sanitec Worldwide, Ltd. ("Worldwide"), Jeffrey Weinstein, and James Smith, alleging that Defendants had committed patent and trademark infringement and several business torts.

On December 15, 2004, Defendants filed a motion to stay the action pending the outcome of a related action in the Superior Court of Los Angeles County, California ("the California action"), which had been filed by James Harkess, an officer and director of Industries.  (D.I. 10).  In a bench trial conducted in the California action, the court held that Mr. Harkess owned and controlled Windsor Holdings LLC ("Windsor"), which, at the time, held a majority of Worldwide's stock.  On July 7, 2005, this Court denied Defendants' motion to stay (D.I. 22) but dismissed the action as to Mr. Weinstein and Mr. Smith for lack of personal jurisdiction (D.I. 24).

Worldwide filed its Answer on July 25, 2005 (D.I. 27), and Industries served its initial disclosures on August 5, 2005 (D.I. 30).  Industries contends that Worldwide never served its initial

1

disclosures and that Worldwide never responded to any requests for admission or interrogatories.

## II.  PARTIES CONTENTIONS

By its Motion, Industries contends that the action should be dismissed because there is no case or controversy.  In support of this contention, Industries argues that Mr. Harkess, an officer and director of Industries, owns Windsor, which in turn owns Worldwide by holding a majority of its shares.  As a result, Industries contends that by suing Worldwide, Industries is in effect suing itself, and therefore, there is no actual dispute. Industries further contends that the judgment in the California action is final and binding, and thus, this Court must acknowledge that Mr. Harkess is the owner of Worldwide and apply collateral estoppel principles to bar any challenge to Mr. Harkess' ownership and control of Worldwide.  Finally, Industries contends Worldwide is deemed to have admitted that it is controlled and owned by Mr. Harkess because it failed to respond to Industries' requests for admission.  Worldwide does not contest the motion but contends that the Court should not make any findings of fact as to ownership because they are immaterial to the Court's decision on Plaintiff's motion.[1]

---

[1]The Court notes Industries' argument that David Finger is no longer counsel for Worldwide and that he should not be permitted to file a response to Industries' motion.  The Court would reach the same conclusion with or without Mr. Finger's filings, and therefore, the Court will not address this argument.

## III. DISCUSSION

Federal Rule of Civil Procedure 41 provides:

Except as provided in paragraph (1) of this subdivision
of this rule, an action shall not be dismissed at the
plaintiff's instance save upon order of the court and
upon such terms and conditions as the court deems
proper... Unless otherwise specified in the order, a
dismissal under this paragraph is without prejudice.

Fed. R. Civ. P. 41(a)(2).  The district court has broad

discretion in deciding whether to grant a motion for voluntary

dismissal.  In re Diet Drugs Products Liability Litigation, 85

Fed. Appx. 845, 847 (3d Cir. 2004) (citing Ferguson v. Eakle, 492

F.2d 26, 28 (3d Cir. 1974)).  However, a court should grant a

plaintiff's motion for voluntary dismissal unless the dismissal

will result in substantial prejudice to the defendant.  DuToit v.

Strategic Minerals Corp., 136 F.R.D. 82, 85 (D. Del. 1991)

(citing In re Paoli R.R. Litigation, 916 F.2d 829, 863 (3d Cir.

1990)).

The Court concludes that a voluntary dismissal is

appropriate in this case.  It is unlikely that Worldwide will

suffer any prejudice as a result of the dismissal because

Worldwide does not contest the dismissal and Worldwide has filed

no counterclaims.  Accordingly, the Court will dismiss the action

pursuant to Rule 41(a)(2).

Industries requests that the Court go a step beyond

dismissal and give full faith and credit to the California

judgment and apply principles of collateral estoppel to bar any

3

challenge to Mr. Harkess' ownership and control of Worldwide.
The Court will not do so for two reasons.  First, such a holding
by the Court would be irrelevant to the instant motion to
dismiss.  There are no issues currently being litigated which
would require the Court to give full faith and credit or to apply
collateral estoppel principles.  Second, the California court did
not determine that Mr. Harkess owned Worldwide.  The California
court merely determined that Mr. Harkess owned Windsor.[2]  The
fact that Windsor may have owned a majority of Worldwide's shares
at that time does not bar all future claims of ownership against
Mr. Harkess.  Accordingly, the Court will not make any findings
that Mr. Harkess is the owner of Worldwide.

## IV.  CONCLUSION

For the reasons discussed, Plaintiff's Motion For Voluntary
Dismissal (D.I. 35) will be granted.

An appropriate Order will be entered.

---

[2]The pertinent portion of the California court's decision
cited by Industries provides:

> The Court declares that HARKESS is the sole owner of
> Windsor and Windsor's assets, including but not limited
> to, Windsor's ownership interests in Worldwide and
> Limited [i.e. Sanitec Ltd.].  Neither QUINN, SMITH,
> WEINSTEIN, nor any successor trustees or beneficiaries
> of the purported TRUST have any right, title or
> interest in Windsor and/or any Windsor asset, including
> but not limited to, Windsor's ownership interests in
> Worldwide and Limited.

(D.I. 36 at 7).